IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DARRELL LANGSTON                                                              PLAINTIFF

v.                                    Civil No. 4:19-cv-04041

OFFICER POOLE and OFFICER
BO JOHNSON, Miller County
Detention Center                                                              DEFENDANTS

## **ORDER**

Currently before the Court is Plaintiff's failure to keep the Court informed of his address. Plaintiff Darrell Langston, representing himself, filed this 42 U.S.C. § 1983 action on April 15, 2019. (ECF No. 1). Plaintiff's motion to proceed *in forma pauperis* ("IFP") was granted the same day. (ECF No. 3).

In the Court's order granting IFP, Plaintiff was directed to file an Amended Complaint and was advised he must immediately inform the Court of any change of address. The order stated that if Plaintiff was transferred to another jail or prison or released, he would have 30 days from the date of transfer or release to notify the Court of his new address. (ECF No. 3). The order also stated that failure to inform the Court of an address change would result in the dismissal of this case. (ECF No. 3). On April 26, 2019, Plaintiff filed an Amended Complaint. (ECF No. 6).

On October 1, 2019, Defendants filed a Motion for Order to Correct Address. (ECF No. 16). In this motion, Defendants informed the Court that they had attempted to schedule Plaintiff's deposition but when they contacted the Arkansas Department of Correction—Ouachita River Unit, where Plaintiff was supposedly incarcerated, they were told Plaintiff was paroled and had been released on September 18, 2019. On October 2, 2019, the Court granted Defendants' motion and ordered Plaintiff to provide the Court with his current address by October 18, 2019. (ECF No. 17).

To date, Plaintiff has not informed the Court of his current address.[1]

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to keep the Court informed of his current address and failed to prosecute this case. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Amended Complaint (ECF No. 6) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 6th day of November 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[1] No mail sent to Plaintiff at the Arkansas Department of Correction has been returned to the Court as undeliverable; however, on October 28, 2019, the Court conducted an Inmate Search of the Arkansas Department of Correction that revealed Plaintiff is not listed as an ADC inmate.